United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
James F. Bareis
Debtor

Case No. 19-12579-jkf
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2 User: Stacey Page 1 of 1 Date Rcvd: Jan 27, 2020
Form ID: pdf900 Total Noticed: 7

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 29, 2020.

db +James F. Bareis, 732 N. Limekiln Pike, Chalfont, PA 18914-1507
cr +Citizens Bank N.A., One Citizens Bank Way Mailstop JCA115, Johnston, RI 02919-1922
r +ELIZABETH SCHAEFER, Realty Group One Legacy, 601 New Britain Road, Bldg. 100, Doylestown, PA 18901-2788
cr +SPECIALIZED LOAN SERVICING LLC, 8742 Lucent Blvd, Suite 300, Highlands Ranch, CO 80129-2386

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

smg E-mail/Text: megan.harper@phila.gov Jan 28 2020 03:22:27 City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595
smg E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jan 28 2020 03:22:14 Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946
smg +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jan 28 2020 03:22:22 U.S. Attorney Office, c/o Virginia Powel, Esq., Room 1250, 615 Chestnut Street, Philadelphia, PA 19106-4404

TOTAL: 3

***** BYPASSED RECIPIENTS *****

NONE. TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 29, 2020 Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 27, 2020 at the address(es) listed below:

ANDREW M. LUBIN on behalf of Creditor Bank of America, N.A. alubin@milsteadlaw.com, bkecf@milsteadlaw.com
KEVIN G. MCDONALD on behalf of Creditor Toyota Lease Trust bkgroup@kmllawgroup.com
KEVIN S. FRANKEL on behalf of Creditor SPECIALIZED LOAN SERVICING LLC pa-bk@logs.com
KRISTEN D. LITTLE on behalf of Creditor SPECIALIZED LOAN SERVICING LLC pabk@logs.com
MICHAEL J. MCCRYSTAL on behalf of Debtor James F. Bareis mccrystallaw@gmail.com, sueparalegal@gmail.com
POLLY A. LANGDON on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ecfmail@readingch13.com
REBECCA ANN SOLARZ on behalf of Creditor Toyota Lease Trust bkgroup@kmllawgroup.com
SCOTT F. WATERMAN (Chapter 13) ECFMail@ReadingCh13.com
SCOTT F. WATERMAN (Chapter 13) on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ECFMail@ReadingCh13.com
United States Trustee USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: James F. Bareis,<br>Debtor.<br><br>Specialized Loan Servicing, LLC,<br>Movant,<br>v.<br>James F. Bareis,<br>Debtor,<br>Scott F. Waterman, Trustee,<br>Additional Respondent. | CHAPTER 13<br><br>BANKRUPTCY CASE NUMBER<br>19-12579/JKF<br><br>11 U.S.C. § 362 |

**STIPULATION AND ORDER**

AND NOW, in consideration of the mutual promises and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

1. This Stipulation shall govern all post-petition payments due and owing to Movant, including those that fall due after the arrears, as set forth below, are cured.

2. The post-petition arrearages on the mortgage held by Movant on Debtor's property at 732 N. Limekiln Pike, Chalfont, PA 18914 (the "Property"), are $14,231.08. The breakdown of the arrears is as follows:

| | |
|---|---|
| Post-Payments from 06/01/2019 to 01/01/2020 at $1,625.01 each | $13,000.08 |
| Bankruptcy Fees | $1,050.00 |
| Bankruptcy Costs | $181.00 |

3. If Debtor provides proof of negotiated payments not already credited, they will receive credit for those payments.

4. Debtor has expressed a desire to the sell the property.

   a. Movant is not opposed to the sale of the Property so long as it is paid in full.

b. The sale of the Property shall occur on or before June 30, 2020 (the "Sale").

5. Debtor shall cure the arrearages in the following manner:

(a) The balance of the post-petition arrears, to-wit, $14,231.08, shall be cured by the Debtor through the Chapter 13 Plan. Debtors shall file an amended Chapter 13 Plan to pay the entire new adjusted arrearage claim of $16,008.50 to Movant (original arrearage claim of $1,777.42 + post arrears of $14,231.08) by January 27, 2020.

(b) Should Debtor not sell the property by June 2020, Debtor shall file an Amended Plan to address the full POC arrears of $14,231.08.

6. Debtor shall resume making the regular monthly mortgage payments on February 1, 2020 until the sale of the property. If funds are not received prior to the 16th of the month, then the payment shall include all applicable late charges;

(a) Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change, and the monthly payment amount due under the terms of the Stipulation shall change accordingly;

(b) All payments to Movant shall include the Loan No. written on the face thereof, and shall be made directly to Attention: BANKRUPTCY DEPARTMENT, Specialized Loan Servicing, LLC, at P.O. Box 636007 Littleton, Colorado 80163;

(c) Should the Debtor's post-confirmation plan be denied confirmation, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief as to the Property.

(d) All payments made pursuant to this Stipulation and Order shall be applied first to reimburse Movant for its attorneys' fees and costs (as provided for above) in connection with this

motion. All further payments will be applied to the arrears and/or monthly payments in the manner prescribed by the Mortgage and Note.

7. In the event that Debtor fails to file an Amended Chapter 13 Plan within the time period prescribed above, or if Debtor fails to make any of the payments set forth above, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure the default within 15 days of the notice. If the default continues to the following month, the Debtor shall include funds to cure that month's default as well. If Debtor should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, the Court shall enter an Order granting Movant relief from the automatic stay as to the Property.

8. In the event the instant bankruptcy case is converted to a case under Chapter 7, this shall constitute a default under the terms of this Stipulation. Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from the date of conversion. Should the Debtor fail to cure the arrears within ten (10) days from the date of conversion, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property.

9. After Movant sends one (1) Notice of Default for Debtor's failure to remain post-petition current, then Movant may file a Certification of Default with the court instead of sending a second Notice of Default.

10. Debtor understands that should Movant be forced to provide a written Notice of Default of this Stipulation, that Debtor shall be responsible for any reasonable attorney fees of $100.00 per Notice of Default and $200.00 per Certification of Default incurred by Movant as a result of preparation of same.

11. The proof of claim of Specialized Loan Servicing, LLC is hereby updated to conform to this Agreed order, and further, this Agreed Order shall serve as a Supplemental Proof of Claim.

12. Debtor agrees that the Court may waive Rule 4001(a) (3), permitting Movant to immediately implement and enforce the Court's order.

The parties request that this Honorable Court approve this stipulation.

Dated: 1/23/2020

Kristen D. Little, Esquire
Attorney for Movant

Dated: 1/16/20

Michael J. McCrystal, Esquire
Attorney for Debtor

Dated: 01/23/2020

/s/ Polly A. Langdon
Scott F. Waterman
Trustee

AND NOW, this 27th day of January, 2020, it is hereby ORDERED that the foregoing Stipulation is approved, xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx xxxxxxxx

BY THE COURT:

HONORABLE JEAN K. FITZSIMON
UNITED STATES BANKRUPTCY JUDGE